## Joseph Hahn v. The State.

No. 5690.   Decided February 25, 1920.

**1.—Aggravated Assault—Evidence—Moral Turpitude.**

Where the defendant complained of the refusal of the trial court to permit proof that assaulted party who was a State's witness was a common thief, but the record showed that all defendant attempted to show by a certain witness was that while said party worked for him some lumber was stolen, there was no reversible error.

**2.—Same—Evidence—Practice on Appeal.**

Where the qualification of the bill of exceptions showed that the proof was made, which the defendant complained he was not permitted to make, there was no reversible error.

**3.—Same—Evidence—Cross-examination.**

Where one of the counts in the information alleged that defendant was robust in health and strength, the defendant had introduced testimony that he suffered from rheumatism which caused him to limp, the State had the right in rebuttal on cross-examination to show that the witness who knew the facts had not observed him limping.

Appeal from the County Court of Upshur.   Tried below before the Hon. D. Walker, judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for an aggravated assault, and punishment fixed at a fine of $100 and thirty days confinement in jail.

The information charges the assault to have been upon Lum Carpenter, and sets out two grounds of aggravation; first, that Carpenter was a decrepit person, and the appellant one of robust health and strength; the other that the offense was committed by striking Carpenter with a horsewhip, inflicting disgrace.   There is evidence supporting both phases of the charge and a general verdict of guilty.

Bill No. 1 embodies the complaint of the refusal of the trial court to permit proof that Carpenter was a common thief. If the evidence were admissible, the court's qualification reveals an absence of error in that it says that all that was attempted by the appellant was to show by a certain witness that while Carpenter worked for him some lumber was stolen.

Bill No. 2 complains of the refusal of the court to permit the appellant to testify that Carpenter had stolen certain tools from him. The qualification shows that the proof was made, and this is verified by the statement of facts.

The third bill complains of the admission of testimony going to show that the appellant had not been seen by the witnesses to limp. This bill is qualified with the statement that the appellant testified in his own behalf, stating that he suffered a great deal from rheumatism, which caused him to limp. This also appears from the statement of facts. We assume that this evidence was offered to rebut the State's theory and proof that he was a man in robust health and strength. The appellant having presented the issue as to the state of his health and the use of his limbs, the State was within its rights in meeting it by showing on the cross-examination and otherwise that the witnesses, with opportunity to know the facts, had not observed him limping.

Failing to find any error in the judgment, its affirmance is ordered.

*Affirmed.*